## Hostetter v. Cleaver, Appellant.

*Sheriff's interpleader—Issue—Evidence—Case for jury.*

On the trial of a feigned issue to determine the ownership of personal property levied on by the sheriff, a verdict and judgment for plaintiff will be sustained where the evidence although conflicting tended to show that the defendant in the writ under which the levy was made had been in possession of the property under an agreement of conditional sale in which it was provided that in the event of a default in the payments, the vendor might retake possession of the property, and that the vendor, who was the plaintiff in the issue, had retaken possession under the agreement, two days before the levy was made.

Argued March 8, 1910.  Appeal, No. 372, Jan. T., 1909, by defendants, from judgment of C. P. Franklin Co., Dec. T., 1908, No. 116, on verdict for plaintiff in case of Aaron Hostetter v. Minnie M. Cleaver and

Edgar E. Lee.   Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Sheriff's interpleader under the Act of May 26, 1897, P. L. 95.   Before GILLAN, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff.   Defendants appealed.

*Error assigned* was in submitting the case to the jury.

*George J. Edwards, Jr.,* with him *Sharpe & Elder,* for appellants.

*Henry C. Niles,* with him *T. Z. Minehart* and *George E. Neff,* for appellee.

PER CURIAM, May 9, 1910:

This was a feigned issue to determine the ownership of personal property levied on by the sheriff.   The defendant in the writ under which the levy was made had been in possession of the property under an agreement of conditional sale in which it was provided that in the event of a default in payments the vendor might retake possession of the property.   The contention of the plaintiff in the issue, who was the vendor, was that he had retaken possession under the agreement, two days before the levy was made.   Some things connected with the alleged retaking of possession of the property threw doubt upon the good faith of the contention made, and there was much that afterwards took place that is suggestive of a course of conduct shaped by after-discovered law, but the issue of fact was necessarily for the jury and there was no error in the manner of its submission.

The judgment is affirmed.